NOT DESIGNATED FOR PUBLICATION

No. 117,986

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WILLIAM REINSCHMIDT,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; CONSTANCE M. ALVEY, judge. Opinion filed August 17, 2018. Reversed.

*Joanna Labastida*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

No appearance by appellee.


Before BUSER, P.J., MALONE and STANDRIDGE, JJ.


PER CURIAM: The Kansas Department of Revenue (KDR) appeals the decision of the district court to reverse the administrative suspension of William Reinschmidt's driver's license. The district court was persuaded by Reinschmidt's argument that the KDR failed to produce sufficient evidence to establish that Reinschmidt was operating a vehicle. On appeal, the KDR argues the district court improperly shifted the burden of proof to the KDR, failed to consider relevant evidence, and misapplied the legal standard of proof. Reinschmidt did not file a brief or any other response to KDR's arguments on appeal. For the reasons stated below, we agree with the KDR that Reinschmidt failed to

1

meet his burden at trial to prove he was not operating or attempting to operate a vehicle. Accordingly, we reverse the district court's decision.

FACTS

The KDR suspended Reinschmidt's driving privileges as a result of his breath test failure on February 12, 2015. Reinschmidt challenged his suspension, and the KDR affirmed the suspension after an administrative hearing. Reinschmidt sought judicial review in the Wyandotte County District Court.

The district court held a trial de novo on February 9, 2017. At trial, Reinschmidt stipulated to the fact that he submitted to a breath test after his arrest and that the results of his test showed he had an alcohol concentration of .08 or higher. Reinschmidt claimed, however, that there was no evidence that he had operated his vehicle on the date of the arrest, an element to which an officer must certify under the Kansas Implied Consent Law. See K.S.A. 2017 Supp. 8-1001(b); K.S.A. 2017 Supp. 8-1002(a)(2).

Reinschmidt called only one witness, Officer John Diaz, to testify. Diaz testified about what happened on the afternoon of February 12, 2015. Dispatch advised that a citizen witness had called 911 to inform police that he had observed a car swerving in the road and nearly hitting a vehicle. The witness followed the vehicle to the parking lot of a liquor store and watched as the driver, who was later identified as Reinschmidt, enter the liquor store. The witness stayed on the phone with 911 and waited for the police to arrive. Officer R. Sutton was the first one to arrive at the scene and go inside the liquor store to make contact with Reinschmidt. Officer Sutton initiated a driving under the influence investigation and ultimately took Reinschmidt into custody.

When Officer Diaz arrived, Reinschmidt was in the back of Officer Sutton's police car. While talking to Reinschmidt through the open car door, Diaz said Reinschmidt

2

smelled of alcohol, had bloodshot eyes, and mumbled when he spoke. Reinschmidt admitted to Diaz that he had consumed alcohol that day.

Officer Diaz took Reinschmidt to the Wyandotte County Jail, where he asked Reinschmidt to perform field sobriety tests on video camera. Reinschmidt exhibited impairment on the one-leg-stand and walk-and-turn tests. Reinschmidt also performed a breath test, which indicated that his breath-alcohol level was 0.12, which was over the statutory legal limit of .08 blood-alcohol concentration (BAC) that qualifies as driving under the influence in Kansas. See K.S.A. 2017 Supp. 8-1567. Diaz advised Reinschmidt of his rights and Reinschmidt exercised his right to remain silent. Diaz testified that he then finished completing the Officer's Certification and Notice of Suspension form, commonly called a DC-27 form, and provided Reinschmidt with a copy of it.

After the parties were done examining Officer Diaz, Reinschmidt rested his case without calling any other witnesses or presenting any further evidence. Counsel for the KDR then called Reinschmidt as a witness in order to ask him about his actions on February 12, 2015, as well as to ask him about a criminal diversion agreement he recently entered into with the State with regard to those actions. Reinschmidt's attorney objected and Reinschmidt eventually invoked his right against self-incrimination. After the close of all evidence and arguments of counsel, the district court found insufficient evidence to establish that Reinschmidt was driving that day. Accordingly, the court granted Reinschmidt's request to set aside the KDR's administrative order suspending his driver's license.

After the hearing, the KDR filed a motion to amend judgment, arguing that the district court erroneously shifted to the KDR the burden of proving that Reinschmidt was driving instead of making Reinschmidt prove that he was not driving. The KDR also alleged that the court erroneously refused to consider admissible evidence. The district court denied the motion to amend and reaffirmed its prior ruling.

ANALYSIS

On appeal, the KDR argues that the district court improperly placed the burden on the KDR to prove that Reinschmidt was driving his vehicle, disregarded admissible evidence, and used the wrong evidentiary standard for administrative suspension cases. Reinschmidt did not file an appellate brief.

Under the Kansas Implied Consent Law, K.S.A. 8-1001 et seq., an officer is required to seek a blood or breath alcohol test if the officer has reasonable grounds to believe that the driver operated or attempted to operate a vehicle under the influence of alcohol or drugs and the driver is taken into custody. K.S.A. 2017 Supp. 8-1001(b). If the driver fails that test, his or her driving privileges are administratively suspended. K.S.A. 2017 Supp. 8-1002(c); K.S.A. 2017 Supp. 8-1014. The officer must certify certain facts, which are recorded on the DC-27 form, including the officer's reasonable grounds to believe the driver was operating or attempting to operate a vehicle. See K.S.A. 2017 Supp. 8-1002(a).

The driver may request an administrative hearing regarding his or her license suspension. K.S.A. 2017 Supp. 8-1020(a). By statute, the hearing is limited in scope. When a driver's license suspension arises from a failed breath test, one of the bases upon which a driver may challenge the suspension is whether "the person was operating or attempting to operate a vehicle." K.S.A. 2017 Supp. 8-1020(h)(2)(H). At the administrative hearing, the burden is on the driver to "show that the facts set out in the officer's certification are false or insufficient" and that the order suspending the license should be dismissed by a preponderance of the evidence. K.S.A. 2017 Supp. 8-1020(k).

If the KDR upholds the license suspension, the driver may appeal to the district court, which conducts a trial de novo. K.S.A. 2017 Supp. 8-1020 (o) and (p). On appeal,

the driver "shall have the burden to show that the decision of the agency should be set aside." K.S.A. 2017 Supp. 8-1020(q).

This court reviews a district court's ruling in a driver's license suspension case for substantial competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). Substantial competent evidence is evidence a reasonable person might accept as sufficient to support a conclusion. In evaluating the evidence, this court does not weigh conflicting evidence or evaluate the credibility of witnesses. *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 (2009). Whether substantial competent evidence exists is a question of law. *Redd v. Kansas Truck Center*, 291 Kan. 176, 182, 239 P.3d 66 (2010).

In this case, Reinschmidt requested an evidentiary hearing in order to challenge the certification of Officer Diaz in paragraph 1 of the DC-27 form, which stated that

> "1. On 2-12, 2015, reasonable grounds existed to believe that [William Reinschmidt], within the State of Kansas in Wyandotte County, had been operating a vehicle while under the influence of alcohol and/or drugs in violation of state statute, city ordinance or county resolution."

Although readily conceding his BAC was over the statutory legal limit of .08, Reinschmidt argued to the KDR that there was insufficient evidence to support Officer Diaz' statement in the DC-27 form certifying that he had reasonable grounds to believe Reinschmidt was operating a vehicle. The KDR upheld the suspension, finding Reinschmidt failed to show by a preponderance of the evidence that the facts set out in the officer's certification were false or insufficient. See K.S.A. 2017 Supp. 8-1020(k). As we know, the district court reversed the KDR's decision. The court held Reinschmidt successfully established that Diaz' statement certifying the existence of reasonable grounds to believe Reinschmidt was operating a vehicle while driving under the influence

was false. Specifically, the district court found Diaz' certification in the DC-27 form was entirely incompatible with testimony from Diaz at trial stating that he never personally saw Reinschmidt driving the vehicle.

There is not substantial evidence to support the district court's finding that Reinschmidt met his burden to show the facts set out in the officer's certification were false or insufficient. The only testimony Reinschmidt presented to the district court was from Officer Diaz, who readily acknowledged that he did not arrive on the scene until Reinschmidt was in custody—well after he could have observed whether Reinschmidt was operating the vehicle. But the fact that Diaz did not personally observe Reinschmidt operating the vehicle while driving under the influence does not undermine, let alone render false, Diaz' certification in paragraph 1 of the DC-27 form that he had reasonable grounds to believe Reinschmidt operated the vehicle while driving under the influence.

After arriving on the scene, Officer Diaz interviewed the citizen who witnessed Reinschmidt's car swerving in the road and nearly hitting a vehicle. The witness not only provided his name and address to Diaz, but he also initialed next to paragraphs 5 and 6 of the DC-27 form certifying that he "saw [Reinschmidt] operate" the vehicle while failing to maintain a "single lane, littering (w[h]iskey bottle), [and] almost crashing into another vehicle." The witness also signed the DC-27 form at the bottom to "certify to the Division of Vehicles that each of the statements [he] initialed above were true and accurate." Thus, the DC-27 form affirmatively provides evidence to establish that the witness saw Reinschmidt operate the vehicle. Relying on this evidence, Diaz initialed next to paragraph 1 of the DC-27 form certifying that there existed reasonable grounds to believe that Reinschmidt was driving while driving under the influence and, like the citizen witness, also signed the DC-27 form at the bottom to certify that the statements he initialized were true and accurate.

6

Once the certification requirements are completed, the DC-27 form is admissible as evidence to prove the statements contained therein. K.S.A. 2017 Supp. 8-1002(b); *Moore v. Kansas Dept. of Revenue*, No. 107,810, 2013 WL 5925901, at *5 (Kan. App. 2013) (unpublished opinion) ("an officer's DC-27 certification shall be admissible as evidence in all proceedings provided for in the Implied Consent Act relating to alcohol testing for driving under the influence" including a trial de novo). The certification need only state that the officer had reasonable grounds to believe the driver was operating the car. See K.S.A. 2017 Supp. 8-1002(a)(2)(A); *Furthmyer v. Kansas Dept. of Revenue*, 256 Kan. 825, 836, 888 P.2d 832 (1995). Reasonable grounds are akin to probable cause. *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 514, 242 P.3d 1179 (2010). The Kansas Supreme Court has defined probable cause as follows:

> "'Probable cause is the reasonable belief that a specific crime has been or is being committed and that the defendant committed the crime. Existence of probable cause must be determined by consideration of the information and fair inferences therefrom, known to the officer at the time of the arrest. Probable cause is determined by evaluating the totality of the circumstances. As in other totality of the circumstance tests, there is no rigid application of factors and courts should not merely count the facts or factors that support one side of the determination or the other.' [Citations omitted.]" *Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 20, 290 P.3d 555 (2012).

The statement from the citizen witness certifying that he observed Reinschmidt operate the vehicle without interruption prior to it being parked at the liquor store was sufficient to furnish the officer with such reasonable grounds. In finding otherwise, the district court erroneously placed on the KDR the burden to prove beyond a reasonable belief that Reinschmidt was operating the vehicle. The law is clear, however, that it is the driver who bears the burden to show by a preponderance of the evidence that "the facts set out in the officer's certification are false or insufficient." K.S.A. 2017 Supp. 8-1020(k). Under the district court's analysis, Reinschmidt could have presented *no* witnesses and prevailed on his claim of insufficient evidence to show he was driving. The

7

licensee must provide evidence to show at least one of the issues listed in the applicable subsection of K.S.A. 2017 Supp. 8-1020(h) has not been satisfied. *Henke v. Kansas Dept. of Revenue*, 45 Kan. App. 2d 8, 13, 246 P.3d 408 (2010). Here, Reinschmidt could have provided testimony or another witness to present evidence showing by a preponderance of the evidence that he did not operate his vehicle at the time in question. In this case, Officer Diaz' testimony was not enough.

Reinschmidt did not meet his burden to show that he was not operating or attempting to operate a vehicle under K.S.A. 2017 Supp. 8-1020(h)(2)(H); thus, the findings of the district court are not supported by substantial competent evidence. The district court's decision is reversed and the decision of the hearing officer to suspend Reinschmidt's license is reinstated.

Reversed.